UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-480-RJC

| | |
|---|---|
| **CHARLES PHILLIP GRAVES,** ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | **ORDER** |
| ) | |
| **ROBERT LEWIS, Director of Prisons,** ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** comes before the Court on initial review of Petitioner Charles Graves' 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, (Doc. No. 1).

## I. BACKGROUND

Petitioner is a prisoner of the State of North Carolina who, on or about February 24, 1995, in Mecklenburg County Superior Court, pled guilty to one count of second-degree murder and two counts of assault with a deadly weapon with intent to kill.[1] Petitioner was sentenced to life imprisonment. Petitioner states that he appealed his conviction and that the conviction was affirmed on appeal. However, the Court finds no such record of an appeal on Westlaw.

On or about January 31, 2012, Petitioner filed a pro se motion for appropriate relief ("MAR") in Mecklenburg County Superior Court. The Court denied the MAR on or about January 31, 2012. On May 14, 2012, Petitioner filed a Petition for Writ of Certiorari in the North Carolina Court of Appeals, which the Court of Appeals denied on June 1, 2012.

---

[1] All background facts are gleaned from the Section 2254 petition only, as there are no exhibits attached to the petition. Thus, in the event that dates are approximate (i.e., within several days of the exact date of filing), this does not make a difference in the timeliness analysis because the petition was filed well more than one full year out of time.

1

On August 2, 2012, Petitioner filed the instant Section 2254 petition, alleging the following grounds for relief: (1) the sentence imposed on Petitioner was obtained by a judicial fact-finding process other than a jury fact-finding process, in violation of the Sixth and Fourteenth Amendments of the U.S. Constitution; and (2) the sentence imposed on Petitioner is grossly disproportionate under evolving new state sentencing laws in violation of the Eighth and Fourteenth Amendments.

## II.   STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs habeas courts to examine habeas petitions promptly. Rule 4, 28 U.S.C.A. foll. § 2254. When it plainly appears from any such petition and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. Id. After reviewing the record in this case, the Court finds that no response from the government is necessary.

## III.   DISCUSSION

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented

could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Furthermore, for convictions that became final before the AEDPA's effective date, the limitations period began to run on April 24, 1996, the effective date of the Act. See Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000). Finally, the one-year limitations period is tolled during pendency of a properly filed state post-conviction proceeding. See 28 U.S.C. § 2244(d)(2).

Here, Petitioner pled guilty or about February 24, 1995. As noted, it is not clear whether Petitioner filed an appeal. In any event, given that Petitioner pled guilty in 1995 and did not file the instant habeas petition until seventeen years later in 2012, the petition is clearly time-barred. Furthermore, the filing of any motions after the one-year limitations period had already run did not revive the already expired one-year period of limitation. See Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000) (concluding that the Section 2254 petition was "clearly time-barred," where the petitioner had moved for post-conviction relief in state court only after the time limitation had expired).

In his memorandum regarding timeliness, Petitioner argues that the petition is timely under 28 U.S.C. § 2244(d)(1)(C), which provides that a habeas petition must be filed within one year of the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. See (Doc. No. 1-1 at 9). Petitioner cites to various Supreme Court cases, claiming that the Supreme Court recognized a new right that was made retroactively applicable to cases on collateral review. Even if any of the Supreme Court cases cited by Petitioner recognized a new right that was made retroactively applicable to cases

3

on collateral review, all of the cited cases were issued well more than a year before Petitioner filed his petition. In sum, Section 2244(d)(1)(C) does not apply to render the petition timely. Furthermore, Petitioner has presented no grounds for equitable tolling, and the Court finds none. In sum, the petition must be dismissed as untimely.

**IV. CONCLUSION**

In sum, for the reasons stated herein, Petitioner's Section 2254 motion is untimely, and the petition will therefore be dismissed.[2]

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Section 2254 motion, (Doc. No. 1), is **DENIED** and petition is **DISMISSED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must

---

[2] The Court is aware of the Fourth Circuit's directive in Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002), that a court must warn a petitioner that his case is subject to dismissal before dismissing a petition as untimely filed when justice requires it. Here, however, such warning is not necessary because, in his Section 2254 petition and his memorandum in support of the petition, Petitioner addressed the statute of limitations issue thoroughly, contending that his petition is timely under Section 2244(d)(1)(C). Furthermore, Petitioner's explanation indicates no confusion over the timeliness issue.

4

establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: March 22, 2013

Robert J. Conrad, Jr.
Chief United States District Judge